IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIPPON YUSEN KAISHA, d/b/a NYK LINE,<br><br>Plaintiff,<br><br>v.<br><br>BASF CORPORATION, THE JAMES BROOKS COMPANY, INC., NATIONAL INTERSTATE INSURANCE COMPANY, and DOES 1 to 50, inclusive,<br><br>Defendants. | No. C 06-03704 WHA<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT** |

## INTRODUCTION

In this insurance-contract dispute, plaintiff has moved for leave to file a first amended complaint. Plaintiff has shown good cause and should be given leave to amend the complaint. Accordingly, the motion is **GRANTED**.

## STATEMENT

Plaintiff Nippon Yusen Kaisha is a Japanese corporation that has its principal place of business in Japan. Plaintiff was hired to transport a container of hydroxylamine free base, a hazardous material, from Germany to Fresno, California. Defendant BASF was the consignee of the container (Compl. ¶¶ 5, 12).

The container was delivered without incident from Germany to the Port of Oakland in February 2006. It was then transferred to defendant The James Brooks Company to be transported from Oakland to Fresno. The transfer occurred pursuant to the Uniform Intermodal

1 Interchange and Facilities Access Agreement ("UIIA"). As the container was being transported

2 to Fresno by Brooks, it overturned and the contents of the container spilled onto the roadway,

3 causing loss of the cargo and requiring environmental cleanup (Compl. ¶¶ 13, 14).

4 Defendant BASF asserted claims against plaintiff for the damage of the cargo and the

5 related clean-up costs. Plaintiff tendered BASF's claims to defendant Brooks and plaintiff's

6 insurer, defendant National Interstate Insurance Company. According to the complaint, Brooks

7 and National Interstate have not agreed to pay the claims asserted by BASF (Compl. ¶ 15).

8 Plaintiff filed suit against defendants BASF, Brooks, and National Interstate on June 9,

9 2006, requesting declaratory relief for determination of the respective rights and duties of

10 plaintiff and defendants (Compl. ¶¶ 16–33). Brooks counterclaimed against plaintiff and

11 cross-claimed against defendant Brooks. A case management order was issued pursuant to

12 Federal Rule of Civil Procedure 16 on October 5, 2006. The order set the deadline for seeking

13 leave to add new parties or to amend the complaint for October 31, 2006. Plaintiffs and

14 defendants were required to exchange Rule 26 initial disclosures by October 31, 2006.

15 Plaintiff filed the instant motion for leave to amend the complaint on November 30,

16 2006. Plaintiff seeks to add claims for breach of contract and bad faith against defendant

17 National Interstate, and to make "various minor changes to reflect developments since it was

18 initially filed." The motion is opposed by defendant National Interstate.

**ANALYSIS**

20 Leave to amend a complaint shall be freely given when justice so requires under Rule

21 15(a). This standard is applied liberally. "In the absence of any apparent or declared

22 reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated

23 failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

24 party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules

25 require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) does not

26 apply, however, when a district court has established a deadline for amended pleadings under

27 Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

28 Once a court has entered a scheduling order, the liberal policy favoring amendments no longer

2

applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

The inquiry under Rule 16(b)'s good-cause standard first focuses on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotations omitted). If the party seeking modification was not diligent, then the inquiry should end.

The case management conference in this case was held on October 5, 2006. The case management order setting the pleading-amendment deadline for October 31 was also issued on October 5. According to National Interstate's opposition, private mediation was held sometime thereafter and the mediator agreed that the cut-off to seek amendments should be extended. According to the opposition, this Court "moved the amendment cut-off to November 30" (Opp. 3). This statement is curious, because there is no reference in the docket or the record that the amendment cut-off was ever extended by the Court. Nor was a request to so extend ever filed by the parties or the mediator. The case management order states that "[c]ounsel may not stipulate around the . . . dates without Court approval" (Oct. 5 Order at 4). Because there was never an order extending the amendment cut-off date, that deadline has not been extended.

Nevertheless, for purposes of the instant motion, there is great significance to the parties' apparent understanding that the amendment deadline was extended. If the parties genuinely believed — however wrongly — that the deadline had been moved to November 30, it would be improper for National Interstate to now allege that plaintiff was not diligent when plaintiff filed the instant motion on November 30. Because plaintiff complied with the deadline as the parties understood it, plaintiff's diligence under those circumstances cannot be questioned by National Interstate.

Plaintiff's amended complaint seeks to add breach-of-contract and bad-faith claims to the complaint. According to plaintiff, it did not know prior to commencement of this action that National Interstate was honoring the UIIA by defending Brooks, while National Interstate

3

1  continued to decline to defend plaintiff. It is reasonable to find that uncovering these new facts
2  led plaintiff to believe it was now justified in seeking relief under breach-of-contract and bad-
3  faith theories (Reply Br. 3). There is sufficient ground to find that plaintiff has good cause to
4  seek amendment on these facts.

Notwithstanding plaintiff's good cause, prejudice to the non-moving party, though not required under Rule 16(b), can supply reasons to deny a motion for leave to amend. *See Coleman*, 232 F.3d at 1295. Delay alone is generally not sufficient to justify the denial of a motion requesting leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A district court may, however, deny a motion for leave to amend if permitting amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party. *See Zivkovic v. S. Cal., Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002).

National Interstate contends that amendment to add a bad-faith claim would require additional discovery, and would require "substantially supplemented initial disclosure under Rule 26." National Interstate threatens that this additional discovery may well require a continuance of the June 2007 trial date. The Court is unmoved by National Interstate's argument. Fact discovery remains open until March 1, 2007, giving the parties time to conduct discovery. National Interstate has not alleged facts constituting undue prejudice or undue litigation delay that would justify denying plaintiff leave to amend.[*]

For these reasons, this order holds that plaintiff has shown good cause to amend the complaint. National Interstate's argument that plaintiff is acting in bad faith and with dilatory motive is without merit. Plaintiff will be allowed to file a first amended complaint.

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint is **GRANTED**. In the conclusion to its opposition, National Interstate states: "If . . . the court is inclined to allow amendment, defendant National Interstate respectfully requests an additional 45 days — until

---

[*] National Interstate's citation to *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), is unpersuasive. In that decision, the Ninth Circuit affirmed a district court's denial of leave to amend because amendment would necessitate delay in the proceedings. There, however, the district court would have had to *reopen* discovery. Fact discovery is still ongoing in the present action.

4

late February 2007 — to provide initial Rule 15 disclosures" (Opp. 7).  It is presumed that National Interstate is requesting additional time for Rule *26* disclosures.  At this stage, that request is denied.  If the new allegations have genuinely surprised National Interstate, then it may be able to justify late disclosures under the banner of "substantial justification."  That will be a matter of proof on a later occasion.  For the time being, both sides would be well-advised to comply fully with Rule 26 upon pain of Rule 37 preclusion.

**IT IS SO ORDERED.**

Dated: January 4, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE